Oh and yeah I should say that there's no appearance for the the appellant but we have counsel for the appellee. Yes. So we will you won't have anything to respond to obviously but we I'm sure we'll have questions for you so proceed when you're ready. Yes Your Honor. May it please the court Maria Cook deputy attorney general representing appellee state of Hawaii. The state of Hawaii respectfully requests that this court affirm the decision of the district court granting district court's order granting the state's motion to dismiss because appellant did not file a timely title seven action in federal court within 90 days of receipt of the EEOC right to sue letter and there are no factual circumstances circumstances that warrant equitable tolling in this case. Now in June of this year. I mean that's yeah that's that's the question. The question presented whether there are facts in this case Your Honor. Yeah this seems mighty like a lot like Burnett right. Your Honor. No because in Burnett the court was very the Supreme Court was very careful to state that if you have cross jurisdiction. Yeah. Why does that matter. Because this court just let me try to zero in because I I will just be up front with you. I'm very skeptical of your argument here but the the court I don't know the name of the Hawaii state courts but whatever that court was that the plaintiff filed the action and that court had the power to decide the case provided that your client waived its sovereign immunity. So it's not like a situation where for example the claim could only be brought in federal court and so no matter what happened in state court that court would never have the power to adjudicate the dispute. Correct waiver. Now we're talking about here a defendant that's the state of Hawaii. The only defendant. This is a title 7 action. There were no state claims. There were no other state defendants, individual defendants, or official capacity defendants. And the state of Hawaii did not waive its sovereign immunity. Right but but your client could have and maybe sometimes it does right. But in this case it did not Your Honor. So what in Burnett the court made the same point. No. There was no waiver by the defendant. I mean there was no indication in the record one way or the other as to what the defendant's position was. The court just observed that the venue improper venue objection there also could have been waived by the was it the railroad? Yes Your Honor but there's a true distinction procedurally. One you have jurisdictional and the other one is venue which is convenient for the parties. You cannot have venue unless you have jurisdiction. In that case there was jurisdiction concurrent jurisdiction both in state and federal court for that particular federal statute. So to hear there was concurrent jurisdiction in the sense that if your client was willing to subject itself to suit in state court that court would have had the power to adjudicate it. Correct Your Honor but that's the material difference here. It is a difference but who cares? Why does it matter that one is jurisdictional in any difference? Well because Your Honor the issue is sovereign immunity and in this case you have to file in the correct forum but let me step back. She did. That court would have been able to adjudicate the dispute if your client was willing to waive. Now look if you if your client wanted to insist on a federal forum you presumably could have just removed the case. No Your Honor because there's a lot of cases that says it's derivative jurisdiction in the If you do not have jurisdiction in state court and you remove it and yeah but the court that's what I'm saying you could waive your your client could waive and then remove. If all you wanted to do was get into federal court that's what you could have done. There's no prejudice to your client. Your client knew that the plaintiff was pursuing the action so this is just a real technicality that you're trying to trip the plaintiff up on for no no apparent good reason. I'm case the Supreme Court said prejudice is not an independent factor that you must consider. You must first fight equitable tolling and I have informed this court very recently in January of this year the US Supreme Court in Menominee Indian Tribe provided two elements that in that a litigant must satisfy for equitable tolling to apply. That is the litigant must be pursuing his or her rights legal rights diligently and number two is there's extraordinary circumstance that prevented the litigant from filing a timely action. In this case the second prong cannot be met because there's no extraordinary circumstance. So how was it met in Burnett then? Because your honor it was an improper venue case and there was a waiver of venue. It was met because there's nothing extraordinary about the circumstances in that case. The plaintiff presumably could have figured out that he or she had filed in the wrong court there but nonetheless the court said that equitable tolling was proper. Yeah because in Burnett your honor the circumstance was there was jurisdiction in the state court so if you have jurisdiction in the state court definitely if you remove it in federal court you also have jurisdiction. This is not the case here. The question is jurisdiction in this case and she filed in the wrong court and she has not provided any evidence to show why with due diligence she couldn't have figured out that you have to file in the federal. There was was there any evidence in Burnett that the plaintiff had exercised the kind of diligence you're talking about to figure out that he or she had filed in the wrong County I guess it was. Right it's not even a question your honor because there was jurisdiction in Burnett. There was jurisdiction in state court. You never dreamed you would have this much argument when you didn't have an opponent showing up. Let me ask you a question though. We're talking about equitable tolling. Yes your honor. There's no doubt that a mistake was made in this record is there? If a mistake is made do you automatically get equitable tolling or must there be something else in addition? Yes your honor a mistake that has to be extraordinary and I'll Believe it or not you're arguing with somebody who's giving you paving the way for you to answer the question. I'm not. Yes your honor a mistake is a mistake in this case is nothing more than a garden variety excuse claim of excusable neglect which does not rise to the level of extraordinary and in this case. So what what is missing in this case so far as you're concerned? What's missing? That denies equitable tolling. There's no doubt a mistake was made. What else needs to be? The mistake is unreasonable because in this case if appellant's counsel reasonably exercised due diligence would have known that they would have properly filed in the correct forum. Now in this case this is unlike the Lenzuela case where it's almost the same in the fact pattern but there the court held there are two distinguishing factors. One is you're dealing with a whether state court had concurrent jurisdiction and number two is you know the decisions are conflicting and the other one is that it's it's a private litigant. So the Lenzuela relied on the Sixth Circuit court holding in Fox versus Eaton where there the court specifically said if you if this the filing of an action in state court that clearly lacks jurisdiction will not toll the statute of limitations and in this case the Supreme the state court clearly lacked jurisdiction because Hawaii revised statute section 661 provides that the state court has jurisdiction over a state defendant only if it's based on state statute not based on federal courts. I mean we're not going to open the state courts for all this federal case filings or federal complaint filings unless the state waives it and in this case your honor she has not proven that mistake was reasonable because there's it's not reasonable given the very clear state law. Would you entertain a question? Yes of course your honor. I'm confused a little bit about what law we're going to apply here and I'm not blaming you for this I'm blaming judges generally that we don't have any crystal clear path of analysis. Now what I have in mind is for example in Burnett which is a Supreme Court case which we always file it says the filing must be in a state court correct competent jurisdiction that seems to me that clear but you look at our case of Valenzuela and then we say the test is diligence it doesn't follow the Burnett the Burnett analysis it goes to diligence and when you compare Burnett and Valenzuela they are very different analyses and the only thing they have in common is that they made a reasonable mistake. Now no no court that I've been able to find so far and this is my question to you has really done what I think is necessary here is for the court to sort of digest what all these courts have done and to come up with some analysis that you and other people can say this is how we're going to deal with this problem. Now the difficulty of course we got the Supreme Court case yes and they trump everything correct whether they're right or wrong they trump everything. Correct your honor and that's the Menominee Indian tribe the case that was decided in January of 2016 where they gave you two prong tests yeah that should be applied in this case because this court has previously applied it. Let's move then to what the district court did that we're going to have to review the district court said the plaintiff was diligent so the diligence would be the Valenzuela test but the district court held that she did not show extraordinary circumstance and that that stood in her way that's what the district court said. Now that's sort of a little different analysis. Now I'd like to have your view if you were going to write this decision reviewing the district court and having in mind the conflict between Burnett and Valenzuela what is our frame of analysis where would we say this is what we must look at and therefore the result is this. Okay you've got to say this is the law and how we're going to rationalize Burnett and Valenzuela which are in some conflict. Okay your honor thank you for allowing me the opportunity I go back again to the Menominee Indian tribe where the Supreme Court gave you two prong arguments or elements one is that the litigant must be pursuing his or her right legal rights diligently and that some extraordinary circumstances stood in a way outside of the litigants control that prevented timely filing and the Supreme Court clarified that as to the second prong the circumstance that caused the delay for timely filing in federal court has to be both extraordinary and beyond the litigants control. Now in this case if you analyze the extraordinary beyond the litigants control litigants control if you analyze that it was a mistake then that mistake the same as the Menominee Indian tribe the mistake of law. Reasonable mistake. Your honor in the Menominee Indian tribe in a footnote by the Supreme Court they said they're not saying whether it's reasonable mistake can never be extraordinary. Well both Burnett and Valenzuela talk about a reasonable mistake is something we have to buy into. All right your honor in assuming it's reasonable mistake and I have included stated previously in this case it's not a reasonable mistake because you have here a very clear law not just sovereign immunity Hawaii revised statute section 661 provides that the state court can only have jurisdiction over state over a defendant such as the state for all state claims based only on state statute and not federal court. So a reasonable appellate would have an exercise of due diligence and I'm going to the second prong now if exercised his or her due diligence would not have filed a title 7 action against only the state of Hawaii in state court and that's what how would I recognize it. And in Valenzuela your honor if you if you have noticed that the Ninth Circuit Court relied on diligence and they talked about that the litigant must be pursuing the legal rights diligently and they talked about subject matter jurisdiction in that way and in this case similarly if you want to apply to Valenzuela a reasonable standard I submit to you your honor that it says that in this case given the facts of the case where the district court asked plaintiff's attorney so give me more facts for equitable tolling to apply tell me some reasonableness nothing all they have to say is that we misfiled in state court. We filed in the wrong court. So in a reasonable mistakes area you feel the district judge has has completed that because he asked for some findings and he didn't get any reasonable. Right your honor given the fact that the court in the district court in this case recited recited the sovereign state sovereign immunity based on Kaleikini the Hawaii's Supreme Court decision that the state can only waive the statute the its sovereign immunity based on 661 HR 661 and HR 662. In this case there was no waiver so if you analyze it in an extra reasonableness rather than the second element that appellant exercised diligence her due diligence in pursuing her legal rights that is not met. Certainly your honor the first element of Menominee Indian tribe which is extraordinary circumstance beyond her control misinterpret misinterpretation of a law is certainly not beyond the control of appellant. So just help me with this I got I was just taking a look at the Menominee however you say it tribe but how how does a Burnett come out the way that it does under this test that's what I have a problem with. Your honor Burnett he stopped with a premise that the state court had concurrent jurisdiction with federal court. Stop with that okay because that that distinction is not persuasive for me. I'm asking you under the two-prong test that you just recited how does Burnett come out the way that it does because there too I assume you could say that the plaintiff had the person bothered to do any research could have figured out that she had filed in or he had filed in the wrong court. But you know the facts doesn't lend to that the facts in Burnett your honor does not lend to this two-prong test. Right that's my point so that's and that I think the Burnett analysis is much more on point for our case than this tribe. Your in this regard the very recent Supreme Court decision then that's fine. We don't have any choice because we are bound by all of the Supreme Court's cases and they just have reminded us a few days ago that we don't have or that lower courts don't have the prerogative to decide that well a prior Supreme Court case has been overruled by subsequent cases. Burnett is still on the books so we have to apply that case here. But your honor Burnett is very clear as the given it's given that there the state court had jurisdiction so you can tell the statute of limitations if you file in a state court that has jurisdiction and that's so common sense you can't tell it because the state court had jurisdiction. In this case a very distinguishing factor is that the state court did not have jurisdiction so therefore you cannot tell the statute limitations and more importantly the state of Hawaii has sovereign immunity. So you know if you just focus on a Burnett Burnett case is not applicable even other courts that have analyzed this case even the Sixth Circuit Court that Valenzuela Court cited there the court specifically said the filing of an action in a court that clearly lacks jurisdiction will not hold the statute of limitations. So if you just want to focus on Burnett the Burnett is not not to this case because there again it talks about jurisdiction so I think you have to focus and your honor this court have used the two-pronged test in the past prior to Menominee Indian Tribe in the Johnson versus Lucent case in a Title VII mental incapacity state and also you see that light that's that red light that that shows you how much over your time. Your honor I'm so sorry but I just want to bring up to the court's attention that since Menominee Indian Tribe two circuit courts have applied it's 11th Circuit Court in Valeriyar just this month October applied a Title VII in this two-pronged analysis and a circuit court Second Circuit in Hayward I believe it's Haygood applied the Title VII using this two-pronged test and I submit your honor. What case is that in the Second Circuit? Hayward your honor it's um just a second your honor it's Haygood versus ACM Medical Laboratory Second Circuit March 2016 a Title VII action using this two-pronged test in Menominee and more importantly the Valeriyar Villarreal case versus R.J. Reynolds. What's the citation to the Second Circuit case? It's 6F 642 fed APPX 27 2016. 642 27? Yes. 2016 Westlaw 944420. Okay. And Valeriyar your honor versus R.J. Reynolds 11th Circuit 2016 WL 5800001. Importantly in Valeriyar your honor. We're gonna read those cases and and but I want to move to another subject for just a moment. Yes. We're really hampered by I mean you've done a splendid job but it's always better to hear two sides when you're gonna make a decision we've been hampered now by a dereliction parent dereliction of counsel of not attending and it's a very complicated case as you know and as we have found out during our our discussion with you I want to find out whether you have received any notice at all from your opposing attorney as to whether she was going to attend today. No your honor I have not and I have attempted to contact her personally and no calls back. Okay. It's not even an answering machine I didn't receive anything and we have provided her with our submissions to the court by mail and by email and we have not received any response. What's the type of conduct we do not expect from counsel that appear before us and sometimes when there's a reason we take action I suspect we'll have to look into this further. I much for your argument which is very helpful and the case just argued will stand submitted.
judges: Wallace, Farris, Watford